# Elam Rhoads, Plff. in Err., *v.* John Anderson et Ux.

A verdict for plaintiff in an action of slander for words imputing unchastity to a married woman, upheld.

(Argued February 28, 1888.   Decided April 30, 1888.)

January Term, 1887, No. 334, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ.    Error to the Common Pleas of Berks County to review a judgment for plaintiffs in an action of slander, August Term, 1885, No. 84.    Affirmed.

The action was brought in right of Mrs. Anderson, for damages for slanderous words alleged to have been uttered concerning her by Rhoads.

Cited in Davis v. Carey, 141 Pa. 314, 323, 28 W. N. C. 11, 21 Atl. 633.

NOTE.—For slanderous words imputing unchastity, see note to Stoke v. Miller, 8 Sad. Rep. 100.

The plaintiffs alleged in their declaration, and gave evidence tending to prove, that the defendant called Mrs. Anderson, in the hearing of others, a prostitute, and charged her with having committed prostitution or adultery.

The defendant and his witnesses denied that he applied said epithet to Mrs. Anderson, or charged her with having committed the said offenses, but gave evidence to the effect that what he said was, "You come around here to be ridden around or for the purpose of being ridden around by men;" and claimed that what he said amounted, at most, to charging her with an intention or design of committing the offenses.

The jury found a verdict for the plaintiff for $400.

The assignments of error presented, in substance, the claims that no actionable words were proved, and that therefore the court should have directed a verdict for the jury, and that the tendency of the charge was to enhance the damages.

*Rothermel Bros., Jeff. Snyder,* and *Geo. F. Baer,* for plaintiff in error.—The evidence, at most, showed that the purport of the words spoken by the defendant below was to charge the plaintiff with entertaining evil designs, but not with the commission of crime. The words for which an action may be maintained are "words falsely spoken of a person which impute to the party the commission of some criminal offense involving moral turpitude, for which the party, if the charge is true, may be indicted and punished." Pollard v. Lyon, 91 U. S. 225, 23 L. ed. 308.

In Gosling v. Morgan, 32 Pa. 273, this rule was announced: "Words spoken of a private person are only actionable when they contain a plain imputation, not merely of some indictable offense, but one of an infamous character or subject to an infamous and disgraceful punishment."

See also Stitzell v. Reynolds, 67 Pa. 54, 5 Am. Rep. 396; Lucas v. Nichols, 52 N. C. (7 Jones L.) 32; McKee v. Ingalls, 5 Ill. 30; Wilson v. Tatum, 53 N. C. (8 Jones L.) 300; Seaton v. Cordray, Wright (Ohio) 101; Dickey v. Andros, 32 Vt. 55; K. v. H. 20 Wis. 239, 91 Am. Dec. 397; Bays v. Hunt, 60 Iowa, 251, 14 N. W. 785; Stees v. Kemble, 27 Pa. 112; and Addison, Torts, Wood's ed. § 1117.

The whole effect of the charge of the court below was to magnify this miserable quarrel between people somewhat given to indelicate speech, into a malicious and deliberate slander.

"That, taken singly, no part of a charge may be pronounced to be clearly erroneous, and yet that as a whole it may mislead, is a matter familiar to the mind of lawyers and judges" (Wenger v. Barnhart, 55 Pa. 300), and hence such general tenor is ground for reversal. Washington Mut. F. Ins. Co. v. Rosenberger, 3 W. N. C. 16, 18 W. N. C. 441.

*J. K. Grant* and *Henry C. G. Reber,* for defendants in error.—The court below was certainly right in saying to the jury that there was no trouble about these words being slanderous, if used, and in charging the jury that the offense of slander was made out, "if you believe the testimony produced by plaintiff here, either that she was called a prostitute, or that she was charged with having committed prostitution. If you believe none of these expressions were used, the slander would not be made out."

That these words are actionable, see Walton v. Singleton, 7 Serg. & R. 449, 10 Am. Dec. 472; Beirer v. Bushfield, 1 Watts, 23; Harker v. Orr, 10 Watts, 248; Andres v. Koppenheafer, 3 Serg. & R. 261, 8 Am. Dec. 647; and Klumph v. Dunn, 66 Pa. 141, 5 Am. Rep. 355.

PER CURIAM:

This case was fairly submitted under all the evidence, by the learned judge of the court below, to the jury, and that their verdict was a just one we have no doubt. The slander was in its character brutal, and properly punished.

The judgment is affirmed.